### In re Kenneth WELLS and Michelle Wells aka Michelle Kidd, Debtors.

### No. 08–17639.

United States Bankruptcy Court, N.D. Ohio, Eastern Division.

June 19, 2009.

Lee R. Kravitz, Cleveland, OH, for Debtor.

Christian E. Niklas, Shapiro, Van Ess, Phillips & Barragate, Norwood, OH, for Creditor.

PAT E. MORGENSTERN–CLARREN, Bankruptcy Judge.

Chapter 13 debtors Kenneth and Michelle Wells move to disallow claim 1 filed by U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass–Through Certificates, Series 2005–4 (U.S.Bank), alleging that the claimant did not have standing to pursue the claim and, alternatively, that the claimant failed to itemize fees, costs, and other expenses included in the claim. The claimant asserts that the chapter 13 trustee may properly pay the claim as filed. For the reasons stated below, the debtors' objection is sustained, and claim 1 is disallowed in its entirety.

## I. *JURISDICTION*

Jurisdiction exists under 28 U.S.C. § 1334 and General Order No. 84 entered by the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), and (O).

## II. *INTRODUCTION*

Many, if not most, debtors file a chapter 13 reorganization case after falling behind in payments due under a note secured by a mortgage on their homes; their goal is to save their home by paying amounts required under the bankruptcy code. Among other obligations, these debtors commit under a chapter 13 plan to (a) pay the prepetition arrearages due under the note through the plan; and (b) make each postpetition payment under the note as it becomes due. If a secured creditor who is owed such prepetition debt wishes to participate in any funds paid through the plan, the creditor must file a proof of claim that substantially conforms to Official Form 10. Absent objection, the chapter 13 trustee distributes funds based on these proofs of claim. The case filed by Kenneth and Michelle Wells falls within this general description.

The particular question posed in this case is: what entity is entitled to receive the prepetition arrearage payments? As discussed further below, the court finds that at the time claim 1 was filed, U.S. Bank did not attach documents showing that it is a secured creditor of the debtors, as alleged in its claim. Additionally, Ocwen Loan Servicing LLC (Ocwen), the entity that filed the proof of claim, did so using an undisclosed limited power of attorney, which did not grant it the right to file claim 1 on behalf of U.S. Bank. Moreover, U.S. Bank did not come forward with documentation as of the hearing date to cure these deficiencies. U.S. Bank has not, therefore, established that it is entitled to payment under claim 1.

## III. *FACTS*

When the debtors Kenneth and Michelle Wells filed their bankruptcy case, they listed Aegis Mortgage Corp. as a creditor having a $96,000 claim secured by their residence at 20671 Naumann Avenue, Euclid, Ohio, and they identified "Ocwen" as an additional party to receive notice.[1] The debtors' plan, confirmed on May 22, 2009, provides that "AEGIS" will be paid $3,500.00 in arrearages.[2]

Claim 1 was filed on October 15, 2008 as a secured claim in the amount of $113,479.42. Official Form 10, the proof of claim form, requires the filer to state the "Name of Creditor (the person or other entity to whom the debtor owes money or property)." Claim 1 lists the creditor as "U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass–Through Certificates, Series 2005–4." The form also calls for the creditor to state a name, address, and telephone number for providing notices. In response, claim 1 identifies "OCWEN, ATTN: Bankruptcy Department, 12650 Ingenuity Drive, Orlando, Fl 32826." No telephone number is listed. Claim 1 also states that (1) the creditor's claim is secured by the debtors' residence, which has a value of $60,000.00; and (2) of the $113,479.42 claimed as due, $16,669.82 represents payment arrears.

This instruction appears at the bottom of the form:

> The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person

---

1. Docket 1, Schedule D.

2. Docket 41.

authorized to file this claim and state name and telephone number if different from the notice address above. Attach copy of power of attorney, if any.

The signature that follows reads: "Jacqueline Bailey, Quality Control, Bankruptcy Department," without identifying an employer. There is no statement that Jacqueline Bailey signed claim 1 under a power of attorney granted by a creditor, and no power of attorney is attached.

For secured claims, Official Form 10 also instructs the filer to attach copies of documents that support the claim, such as promissory notes and documents evidencing that the security interest is perfected. These five exhibits are attached to claim 1:

1. Exhibit A: Itemization of Claim. This document lists a total arrearage of $16,669.82, made up of:
   a. Monthly Payments: $9,471.67;
   b. Late Charges: $425.98;
   c. Non Sufficient Fund Charges: $50.00;
   d. Escrow Advances: $4,661.14;
   e. Fees, Costs & Property Preservation Expenses: $2,087.03; less
   f. Pre–Pet Suspense: $26.00.

2. Exhibit B: Payoff Information. This document contains the same figures as exhibit A, with the addition of:
   a. Unpaid Principal Balance: $97,276.47;
   b. Interest from 01/01/2008 to 10/31/2008: $9,004.08;
   c. Payoff as of: 10/08/2008: $113,479.42; and
   d. Per Diem Amount: $29.20

3. Exhibit C: Prepetition Fee, Costs & Property Preservation Expenses Breakdown. This document lists $2,087.03 in costs that include, among

other things, property inspections, foreclosure costs, certified mail fees, and "prior servicer fees."

4. A mortgage dated June 25, 2005 signed by Michelle Wells and Kenneth Wells. The mortgage names Aegis Lending Corporation as the lender, and Mortgage Electronic Registration Systems, Inc. as the mortgagee as nominee for the lender. The first page of the mortgage bears a recording stamp of the Cuyahoga County Recorder dated July 1, 2005. No assignment of the mortgage is attached.

5. An Adjustable Rate Note dated June 25, 2005 signed only by Michelle Williams. The note is in the amount of $99,700.00 and names Aegis Lending Corporation as the lender.

On April 3, 2009, the debtors objected to claim 1, arguing that the claim fails to show that Ocwen had standing to file it, and that the expenses breakdown is insufficient to allow the debtors to determine whether the amount claimed is correct[3] U.S. Bank responded that the claim is "correct in all respects," and attached four additional exhibits to support that statement:

1. An assignment of mortgage dated December 6, 2007 and recorded December 19, 2007 from Mortgage Electronic Registration Systems, Inc. as nominee for Aegis Lending Corporation to U.S. Bank National Association, Successor–in–Interest to Wachovia Bank, National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass–Through Certificates, Series 2005–4. The assignment says that it is with respect to property described on ex-

---

**3.** Docket 37.

hibit A attached, but no exhibit is attached;

2. An assignment of mortgage dated March 24, 2009 and recorded April 3, 2009 from U.S. Bank National Association, Successor–in–Interest to Wachovia Bank, National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass–Through Certificates, Series 2005–4 to U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass–Through Certificates, Series 2005–4;

3. A limited power of attorney purportedly given by U.S. Bank to Ocwen Loan Servicing LLC, recorded in Broward County, Florida on April 1, 2008; and

4. Three pages of "Escrow Advances Breakdown," "Prior Servicer Fee Breakdown," and "Late Charges Breakdown."

The response further states that "Creditor's attorney is in the process of obtaining an allonge, once received will provide same." [4]

The court held a hearing attended by counsel for the debtors and for U.S. Bank. At that time, U.S. Bank's counsel reiterated that an allonge was not attached to the original note, and that his law firm was attempting to obtain an allonge from the client so that the proof of claim could be amended to include it. The court then took the matter under submission.

## IV. *DISCUSSION*

### A. *Notice*

On May 2, May 16, June 12, June 19, June 26, July 10, July 16, July 18, and September 3, 2008, the court held special dockets addressing issues similar to those raised by U.S. Bank's proof of claim in this case; i.e., the legal standards governing an entity's right to enforce a promissory note secured by a mortgage on the debtor's residence. *See, e.g., In re Cartier,* case no. 04–15754, docket 105. On February 12, 2008, the court issued a memorandum to all attorneys who file motions for relief from stay, entitled "Tips for How a Motion for Relief from Stay Can Proceed Smoothly Through the Court," which provided specific examples of the common deficiencies in such motions. In addition, the court supplemented that memorandum on July 9, 2008 with another entitled "Additional Guidance on Motions for Relief from Stay." The July memorandum specifically addressed the applicable Ohio law based on the Uniform Commercial Code regarding endorsements and transfers of negotiable instruments and the assignment of mortgages, again including examples of deficient filings. Finally, on February 12, 2009, the court issued a third memorandum entitled "Motions for Relief from Stay Update: Endorsement of Note by alleged Attorney–in–Fact," alerting parties that powers of attorney should be carefully reviewed if relied upon to establish a creditor's right to relief from stay. All three memoranda were placed on the court's website, at www.ohnb.uscourts.gov, and were also sent by bulk email to attorneys registered with the court's electronic case filing system. U.S. Bank, through its attorneys, therefore, was on notice of the requirements for properly documenting a creditor's right to enforce a note secured by a mortgage, albeit in the context of a motion for relief from stay rather than a proof of claim. The applicable law is, however, the same in both contexts.

---

4. Docket 40.

## B. *The Note*

■ On June 25, 2005, Michelle Wells delivered a note to Aegis Lending Corporation in the amount of $99,700.00.[5] Kenneth Wells did not sign the note. The copies of the note attached to claim 1 and to U.S. Bank's response to the objection are not endorsed.

A promissory note is usually a negotiable instrument, which provides the person entitled to enforce the note the right to payment of the obligation it represents.[6] A person is entitled to enforce a note when that person falls into one of three categories. OHIO REV.CODE § 1303.31(A); *see also* U.C.C. § 3–301 (2002). One such category is when the person is a holder of the note.[7] Generally, a person is a holder of the note by having physical possession of the note, which has either been endorsed to that person or endorsed in blank.[8] OHIO REV.CODE §§ 1303.31(A)(1) and 1301.01(T)(1); *see also* U.C.C. §§ 3–301, 1–201 (2002). A note may be endorsed by an allonge, which is a paper "affixed to the instrument," which then becomes part of the instrument. OHIO REV.CODE § 1303.24(A)(2); *see also* U.C.C. § 3–204 (2002); *Adams v. Madison Realty Dev., Inc.*, 853 F.2d 163, 167 (3d Cir.1988) (discussing why an endorsement written on a separate piece of paper must be affixed to the note).

■ Once a note is endorsed, its negotiation is complete upon transfer of possession. OHIO REV.CODE §§ 1303.24(A)(1)(a), 1303.21(A); *see also* U.C.C. §§ 3–204, 3–201 (2002). The transfer of possession requires physical delivery of the note "for the purpose of giving the person receiving delivery the right to enforce the instrument." OHIO REV. CODE §§ 1303.22(A) and cmt. 1, 1301.01(N); *see also* U.C.C. §§ 3–203 cmt. 1, 1–201 (2002); *Vitols v. Citizens Banking Co.*, 10 F.3d 1227, 1233 (6th Cir. 1993); *Norfolk Shipbuilding & Drydock Corp. v. E.L. Carlyle (In re E.L. Carlyle)*, 242 B.R. 881, 887 (Bankr.E.D.Va.1999); Grant S. Nelson & Dale A. Whitman, 1 *Real Estate Finance Law* § 5.28 (5th ed.2008). However, "... possession alone does not establish that the party [in possession of a note] is entitled to receive payments under it." *Citizens Fed. Sav.*, 78 Ohio App.3d at 287, 604 N.E.2d 772.

There is no evidence before the court that the note executed by Michelle Wells was negotiated from Aegis Lending Corporation to U.S. Bank. The note is, therefore, still payable to Aegis Lending Corporation. The corollary is that U.S. Bank has not shown that it had an interest in the note on October 15, 2008, when it filed the proof of claim in this case. Nor has U.S. Bank shown that it has such an interest today.

## C. *The Mortgage and Assignments*

■ As security for the note Michelle Wells issued to Aegis Lending Corporation, both Michelle and Kenneth Wells jointly executed a mortgage. The mortgage, which is attached to claim 1, identi-

---

5. Claim 1; docket 40.

6. OHIO REV.CODE §§ 1303.03, 1303.31; *see also* U.C.C. §§ 3–104, 3–301 (2002). The court finds that the note signed by Michelle Wells in this case is, in fact, a negotiable instrument.

7. A "person" under OHIO REV.CODE § 1301.01 "includes an individual or an organization." *See also* U.C.C. § 1–201 (2002).

8. A person may be entitled to enforce a negotiable instrument if it has possession of the note without proper endorsement(s); however, proof that the person has rightful possession is required. OHIO REV.CODE § 1303.22, cmt. 1; *see also* U.C.C. § 3–203, cmt. 1; *Citizens Fed. Sav. & Loan Ass'n of Dayton v. Core Inv.*, 78 Ohio App.3d 284, 287, 604 N.E.2d 772, 774 (Ohio App.1992), *cause dismissed by appellant*, 64 Ohio St.3d 1410, 593 N.E.2d 1 (1992).

**880**

fies Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee, as nominee for the lender. Reading the note with the mortgage attached to claim 1, the supporting documents do not show that U.S. Bank has an interest in the note or that it is the mortgagee under the mortgage. The question then becomes: how, if at all, do the two assignments of mortgage filed by U.S. Bank with its response, change this conclusion?

Each of the assignments purports to assign both the mortgage and the note. The first assignment was executed on December 6, 2007 and was recorded in the Cuyahoga County Recorder's office on December 19, 2007.[9] It assigns the debtors' mortgage from MERS as nominee for Aegis Lending Corporation to "U.S. Bank National Association, Successor–in–Interest to Wachovia Bank, National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass–Through Certificates, Series 2005–4" (U.S. Bank siit Wachovia). The assignment includes this language: "Together with any and all notes and obligations therein described or referred to, the debt respectively secured thereby and all sums of money due and to become due thereon, with interest thereon, and attorney's fees and all other charges." The document is signed by Scott Anderson, Vice President of MERS as nominee for Aegis Lending Corporation.

The second assignment was made by U.S. Bank siit Wachovia to "U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass–Through Certificates, Series 2005–4."[10] This document was executed by Denise A. Marvel, Manager of Document Control and Contract Management for the assignor. The

first sentence of this document recites that it was made on August 23, 2007. However, the notary acknowledgment is dated March 24, 2009, and the Cuyahoga County Recorder's stamp bears a date of April 3, 2009. This assignment also includes language purporting to assign the note.

■ Under Ohio law, the right to enforce a note cannot be assigned—instead, the note must be negotiated in accord with Ohio's version of the Uniform Commercial Code. *See* OHIO REV.CODE § 1301.01 *et seq.* and § 1303.01 *et seq.; see also* U.C.C. Article 3. An attempt to assign a note creates a claim to ownership, but does not transfer the right to enforce the note.

> The right to enforce an instrument and ownership of the instrument are two different concepts.... Moreover, a person who has an ownership right in an instrument might not be a person entitled to enforce the instrument. For example, suppose X is the owner and holder of an instrument payable to X. X sells the instrument to Y but is unable to deliver immediate possession to Y. Instead, X signs a document conveying all of X's right, title, and interest in the instrument to Y. Although the document may be effective to give Y a claim to ownership of the instrument, Y is not a person entitled to enforce the instrument until Y obtains possession of the instrument. No transfer of the instrument occurs under Section 3–203(a) until it is delivered to Y.

OHIO REV.CODE § 1303.22 cmt. 1; *see also* U.C.C. § 3–23 cmt. 1 (2002). Therefore, the first assignment did not transfer the right to enforce the note to U.S. Bank siit Wachovia; it only gave that entity a claim to ownership of the note. For the same

---

9. Docket 40, exh. A.

10. Docket 40, exh. B.

reasons, the second assignment is also ineffective to transfer the note to U.S. Bank.

## D. *The Limited Power of Attorney*

A proof of claim may be filed either by a creditor or by the creditor's authorized agent. 11 U.S.C. § 501(a); FED. R. BANKR.P. 3001(b). A proof of claim filed by a creditor's agent should include a power of attorney evidencing the agent's authority to do so. U.S. Bank's response to the claim objection included, for the first time, a limited power of attorney dated January 11, 2007. This was offered to establish Ocwen's authority to file claim 1 on U.S. Bank's behalf. The limited power of attorney, executed by Shannon M. Rantz, Vice President of "U.S. Bank National Association, as Trustee," appoints Ocwen as the attorney-in-fact for "U.S. Bank, National Association." Under it, Ocwen is authorized to take certain actions, including the execution of certain documents, but only if:

(1) the documents are "required or permitted under the terms of the 'Agreements' listed on the attached Exhibit A;"

(2) the acts are performed through "any officers appointed by the Board of Directors of Ocwen;"

(3) the documents to be executed are "required or permitted under the terms of the related servicing agreements;" and

(4) the acts taken are not "adverse to the interests of the Trustee of the Holders."

A limited power of attorney is strictly construed under Ohio law. *See, e.g., Dayton Monetary Assocs. v. Becker,* 126 Ohio App.3d 527, 534–35, 710 N.E.2d 1151 (Ohio Ct.App.1998), *citing Layet v. Gano,* 17 Ohio 466, 469 (1848). In this case, the limited power of attorney is internally inconsistent because it is purportedly given by "U.S. Bank National Association," but is executed by "U.S. Bank National Association, as Trustee." Based on this fact alone, the limited power of attorney is defective.

Even if the power of attorney had been executed by the proper entity, the authority granted to Ocwen was limited to acting on behalf of the entities governed by the "Agreements," as listed on Exhibit A. However, "U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass–Through Certificates, Series 2005–4" is not listed on Exhibit A. The document does not, therefore, create any power to file a proof of claim on behalf of that entity. In addition, the limited power of attorney permits Ocwen to act only through officers appointed by the Board of Directors of Ocwen. Jacqueline Bailey signed the proof of claim as "Quality Control, Bankruptcy Department," but there is nothing to show that she is a duly appointed officer of Ocwen. Further, the limited power of attorney states that actions taken by Ocwen must be consistent with its servicing responsibilities; however, there is nothing in the record spelling out those responsibilities. Thus, Ocwen did not come forward with documents showing that it was acting within the terms of its authority, even if that authority had been properly given. Based on these failures, the court finds that the limited power of attorney did not give Ocwen the authority to file claim 1 in this case on behalf of U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass–Through Certificates, Series 2005–4.

## E. *Proof of Claim 1*

Bankruptcy rule 3001(a) defines a proof of claim as "a written statement setting forth a creditor's claim." FED. R. BANKR.P. 3001(a). A creditor is an

"entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor...." 11 U.S.C. § 101(10)(A). A claim is:

> a right to payment ... or [a] right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.

11 U.S.C. § 101(5)(A), (B). Thus, to be a creditor, an entity must have a right to payment that came into existence by the time the petition was filed. *See In re Burkett*, 329 B.R. 820, 826 (Bankr.S.D.Ohio 2005). As noted above, Official Form 10 reflects this requirement by describing the "Name of Creditor" as "the person or other entity to whom the debtor owes money or property." A creditor's standing to file a proof of claim for prepetition debt must exist at the time the claim is filed. *See In re Foreclosure Cases*, 2007 WL 3232430, at *2; *but c.f.* 11 U.S.C. § 1305 (providing for the filing and allowance of postpetition claims).

■ A proof of claim is allowed as filed, unless a party in interest objects to the claim. 11 U.S.C. § 502(a). When an objection is filed, the court must determine the amount of the claim and allow it, except to the extent that:

> such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured[.]

11 U.S.C. § 502(b)(1). Bankruptcy rule 3001 governs proofs of claim and requires that a claim based on a writing and/or a security interest in the debtor's property must include a copy of the writing and evidence of perfection. FED. R. BANKR.P. 3001(c), (d). Read together, § 502(a) and bankruptcy rule 3001(f) provide that "[o]n objection, a proof of claim filed in accordance with the rules is prima facie evidence that the claim is valid and in the amount stated." *In re Parrish*, 326 B.R. 708, 719 (Bankr.N.D.Ohio 2005). "[W]here the proof of claim does not adhere to the requirements of Rule 3001 by providing the facts and documents necessary to support the claim, it is not entitled to the presumption of prima facie validity." *In re Kincaid*, 388 B.R. 610, 614 (Bankr. E.D.Pa.2008) (citations omitted); FED. R. BANKR.P. 3001(f); *see also In re Dumontier*, 389 B.R. 890, 898 (Bankr.D.Mont.2008); *Parrish*, 326 B.R. at 719.

■ When a claim is not prima facie valid, the debtor need only object to the claim based on applicable rules or statutes to place the burden of proof back on the claimant. *Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20–21, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000); *eCast Settlement Corp. v. Tran (In re Tran)*, 369 B.R. 312, 318 (S.D.Tex.2007). Even if the creditor responds to a debtor's objection, the creditor carries the "burden of going forward as well as the ultimate burden of proof to establish its claim at the hearing on the substantive objection." *Burkett*, 329 B.R. at 830. And,

> a creditor's lack of *adequate* response to a debtor's formal or informal inquiries 'in itself may raise an evidentiary basis to object to the unsupported aspects of the claim, or even a basis for evidentiary sanctions, thereby coming within Section 502(b)'s grounds to disallow the claim.'

*In re Lasky*, 364 B.R. 385, 389 (Bankr. C.D.Cal.2007) (emphasis added), *quoting In re Campbell*, 336 B.R. 430, 436 (9th Cir. BAP 2005). A mere failure to comply with rule 3001, however, is not a basis for disal-

lowing the claim. *Burkett,* 329 B.R. at 828–29; *In re Lasky,* 364 B.R. at 387; In re Prevo, 394 B.R. 847, 850 (Bankr. S.D.Tex.2008). There must be an "underlying factual dispute as to the validity, ownership or amount of a claim" for a court to disallow or reduce a claim under bankruptcy code § 502. *Burkett,* 329 B.R. at 829.

■ As filed, claim 1 does not comply with bankruptcy rule 3001. Although the claim was filed by U.S. Bank, the attached note is payable to Aegis Lending Corporation and the attached mortgage names Aegis Lending Corporation as the lender and Mortgage Electronic Registration Systems, Inc. as the mortgagee as nominee for the lender. U.S. Bank's proof of claim, therefore, is not entitled to the presumption of prima facie validity under bankruptcy rule 3001.

Because the debtors objected to claim 1, the burden of proof was placed on U.S. Bank to support its proof of claim. *Raleigh,* 530 U.S. at 20–21, 120 S.Ct. 1951. U.S. Bank had the opportunity to respond, and did so. The response included additional documentation, including the two assignments of the mortgage and the limited power of attorney. However, the additional information provided is insufficient to show that U.S. Bank is a secured creditor of the debtors. *See* 11 U.S.C. § 501(a); *In re King,* No. 08–13152–SSM, (Bankr. E.D.Va. June 7, 2009).

U.S. Bank failed to show that it had standing to file claim 1, and also failed to show at the hearing that it is entitled to enforce the note and mortgage. Claim 1 is, therefore, disallowed under 11 U.S.C. § 502(b)(1). The court will issue a separate show cause order on U.S. Bank regarding its factual and legal bases for filing claim 1.

### V. CONCLUSION

The debtors' objection to claim 1 (docket 37) is sustained. A separate order consistent with this opinion will be entered.

### ORDER SUSTAINING DEBTORS' OBJECTION TO CLAIM 1 AND DISALLOWING CLAIM 1 IN ITS ENTIRETY

For the reasons stated in the memorandum of opinion entered this same date, the debtors' objection to claim 1 of U.S. Bank National Association, as Trustee for the Registered Holders of Aegis Asset Backed Securities Trust Mortgage Pass–Through Certificates, Series 2005–4 (docket 37) is sustained. Claim 1 is disallowed in its entirety.

IT IS SO ORDERED.